IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SANDRA STELLA FAJARDO-ESPINOSA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CV-540-O |
| | ) | ECF |
| PARKLAND HOSPITAL, ET AL., | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to the United States Magistrate Judge for pretrial management. Defendant Dallas County Hospital District d/b/a Parkland Health & Hospital System ("Parkland" or "Defendant") and Individual Defendants Imelda Orpilla, Inja Yi, Suzy V. Ninan, Ginette Marie Wooldridge, Wendell Ray Tolleson, and Hugo A. Castellanos ("Individual Defendants") filed a Motion to Dismiss on July 20, 2009 (doc. 22). Sandra Stella Fajardo-Espinosa ("Plaintiff") filed a Response on August 27, 2009 (doc. 38), and Parkland and Individual Defendants filed a Reply on September 11, 2009 (doc. 41). Defendants seek dismissal pursuant to FED. R. CIV. P. 8(a), 8(d)(1) on procedural grounds and 12(b)(6) for failure to state a claim on which relief can be granted. (Defs' Mot.) Additionally, Defendants seek dismissal on the affirmative defenses of qualified immunity, sovereign/governmental immunity, and official immunity. (*Id*.)

The Court will first consider whether Plaintiff fails to state a claim with respect to each of her alleged causes of action.

**Dismissal for Failure to State a Claim**

To defeat a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12 (b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Although a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, a court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 544). A court may dismiss a claim that fails to meet the pleading requirements, but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). First, the Court will consider whether Plaintiff states a claim under Title VII, a claim for retaliation, or a claim for violation of constitutional rights.

**Discrimination under Title VII, Retaliation, and Hostile Work Environment**

Plaintiff was employed by Parkland as a Language Assistant/Patient Relations Representative II from April 14, 2008 until July 11, 2008. Parkland operates the health care facility commonly known as "Parkland Hospital." Plaintiff alleges[1]:

> I Believe I have been Discriminated against in Retaliation for not only insisting in Translating the entire legal document, among others, of consent to Permanent Sterilization surgery from English to Spanish to patients ready to have a baby and looking for assistance; but especially because I complained Title VII of the Civil Rights Act of 1964 (Pub. L. 88-352), as amended, SEC. 2000e-3 [Section 704](a) to supervisor Hugo Castellanos and further to Legal Dept, Compliance Dept and Employee Relations Department of Parkland of unjustified Negative Evaluations from Mr. Castellanos, also illegal demand initially from Nurses Imelda Orpilla, Inja Yi, and Guinette Ausbrok (who dared to pinch me in the arm for writing the wishes of a patient in relation to declining Photos, recording and televising of her treatment for UTSH research purposes) and later at the end of a meeting with Mr. Castellanos at 7 am on June 24, 2008 Mr. Castellanos whose only alternative given to me was not to translate completely those official documents in order to keep my job. . . .

(Doc. 22-2 at 8.) She also alleges "harassment" from the nurses when patients declined sterilization surgery after her translation. (Def.'s App., Ex. A at 8.) Plaintiff alleges that she complained to her supervisor Castellanos, to Parkland Legal Department, to the Compliance Department and the Employee Relations Department, and to the Chief Executive officer for Parkland and a representative of Human Resources. (Doc. 36 at 2.) Plaintiff alleges that her constitutional right to have, perform, and keep her job was violated. Plaintiff seeks injunctive relief to protect translation employees in the performance of their job as translator and patient representative and to verify that the Civil Rights of patients and employees are respected within the hospital. When Plaintiff was terminated she filed

---

[1] Plaintiff's allegations contain many typographical and grammatical errors. Nevertheless, the Court has used direct quotes without any corrections.

a timely charge with the EEOC and obtained a "right to sue letter" before she filed this suit. Plaintiff is proceeding pursuant to her right to bring an action in this court under Title VII.

Title VII makes it unlawful for an employer to discriminate against any individual "with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Plaintiff has not alleged discrimination on the basis of race, color, religion, sex, or national origin. Because Plaintiff's Title VII claim fails, her retaliation and hostile work environment fail as well. Plaintiff's claims against Parkland for discrimination under Title VII, for retaliation, and for creating a hostile work environment should be dismissed without prejudice for failure to state a claim.

### Discrimination under the Americans with Disabilities Act ("ADA")

To establish a prima facie case of intentional discrimination under the ADA against a plaintiff's employer, this Circuit requires a plaintiff to present either direct evidence of discrimination or show: "(1) he or she suffers from a disability; (2) he or she is qualified for the job; (3) he or she was subject to an adverse employment action; and (4) he or she was replaced by a non-disabled person or was treated less favorably than non-disabled employees." *Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir.1995); (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Plaintiff alleges:

> . . . even though I was performing to the fullest and my entrance test for language proficiency in English and Spanish was very high (even with my temporary Eyes' Disability: Bilateral Cornea Ulcer Keratitis Filamentaris Lack of Tear Prodcution that caused me excruciating pain, extreme light sensibility, Red Eyes which required me to use dark light protection glasses and apply frequent eye medication-not possible on that shift-which generated comments from these nurses that it was caused by lack of sleep or drugs which part of it is mentioned in the letter that Imelda Orpilla and Wendell Ray Tolleson created to cause my termination . . . .

(Defs.' App., Ex. A at 8-9). Plaintiff describes her eye condition as "temporary." A temporary impairment is not a "disability" under the ADA. *See Hamilton v. Southwestern Bell Telephone Co.*, 136 F.3d 1047, 1051(5th Cir. 1998). Additionally, Plaintiff fails to allege that she was replaced by a non-disabled person or treated less favorably that non-disabled employees. Plaintiff fails to plead facts that raise a *prima facie* case under the ADA, and any claim against Parkland that she may be trying to bring under the ADA should be dismissed without prejudice for failure to state a claim.

## Fair Labor Standards Act

Plaintiff filed the Civil Cover Sheet which claimed that the nature of the suit is Civil Rights-Employment and Fair Labor Standards Act ("FLSA") (doc.1). Plaintiff's Amended Complaint alleges:

> ... Several times I did not have time for my dinner and Mr. Castellanos wanted to write me up because I wrote in my logs the days I could not take my 30 minutes meal time. It was very difficult because if you happened to go to have your 30 min and they called you or page you, you would have to leave your food and go to answer the call otherwise they will accuse you or (sic) not doing your job and I was in the 90 days trial period.

(Def.'s App. Ex. A at 13). Taking these allegations as true for the purpose of this Motion to Dismiss, Plaintiff may be trying to claim damages for unpaid wages. However, these allegations fail to state a claim of an FLSA violation or to support the award of any damages under the FLSA. *See* 29 U.S.C. §216(b). In fact, Plaintiffs allegations admit that she reported the time when her meal breaks were interrupted. Accordingly, Plaintiff has failed to state a claim on which relief can be granted under the FLSA. Any claims she may be alleging under the FLSA should be dismissed without prejudice for failure to state a claim.

## Violation of Constitutional Rights

Plaintiff alleges that the other nurses "substantially interfered [with] my Constitutional right to have, perform, and keep my job . . .." (Def.'s App., Ex. A at 8.)  To succeed on a due process claim in the context of public employment, a plaintiff must show that (1) she had a property interest/right in her employment; and (2) her termination was arbitrary or capricious. *Bolton v. City of Dallas*, 472 F.3d 261, 263 (5th Cir. 2006), citing *Moulton v. City of Beaumont,* 991 F.2d 277, 230 (5th Cir. 1993).  Although a public employee can be endowed with a constitutionally-protected property interest in her employment, public employment does not bestow such a property interest; the interest must be provided by an independent source, such as state law. *Perry v. Sindermann*, 408 U.S. 593, 601 (1972); *see also Muncy v. City of Dallas, Tex.*, 335 F.3d 394, 398 (5th Cir. 2003) (protected property interest in governmental employment must be created by an independent source, such as state law; it is not automatically an incident of all public employment).   Plaintiff alleges no facts to show that state law endows the position of "Language Assistant/Patient Relations Representative II job" with a property interest.  Plaintiff's claims arising out of her contention that she had a constitutionally protected interest in her job should be dismissed.

## The Texas Whistleblower Act

Plaintiff has failed to plead facts to support any claim under the Texas Whistleblower Act (the "Act").  TEX. GOV'T CODE  §§ 554.001-010  (Vernon 1994 & Supp. 1998).  The Act provides in pertinent part that "[a] state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority.  *Id*. at § 554.002.  Taking the facts Plaintiff pled as true

for the purpose of this analysis, she has presented no evidence of a law she believed her fellow employees were violating and she does not allege that she reported anything to an appropriate law enforcement authority. Accordingly, any potential claim under the Act must be dismissed.

### *Sabine Pilot* Claim Under Texas Common Law

Plaintiff alleges numerous times that she informed her supervisor, Defendant Castellanos, that she was being "harassed" by "some nurses on the third shift" because she refused to do something she thought was illegal and unethical. She was "translat[ing] the full two pages of [the] legal document" that she was hired to translate. She believed that "patients need to read [the entire document] and know [what it says] before authorizing [Parkland] to sterilize [them for] life." She also thought it was illegal and unethical not to "translate the full 2 pages of authorization [for] treatment either by vaginal or caesarean section, including authorization to be recorded, [have] photos [taken] and [to be] televised for research [purposes]." (Def.s' App., Ex. A at 8.)

Plaintiff appears to allege that she was terminated for refusing to perform an illegal act. This is a claim under Texas common law. In *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733 (Tex. 1985), the Texas Supreme Court held that "public policy, as expressed in the laws of this state and the United States which carry criminal penalties, requires a very narrow exception to the employment at will doctrine. That narrow exception covers only the discharge of any employee for the sole reason that the employee refused to perform an illegal act." *Id.* at 735. Two necessary elements of a *Sabine Pilot* claim are that (1) the employee be asked to perform an illegal act that carries criminal penalties; and (2) the employee refuse to perform the illegal act. *Stone v. Romo*, SA-03-CA-964 XR, 2004 U.S. Dist. LEXIS 1973, at *4 (W.D. Tex. February 13, 2004). Those elements are not present here. Accordingly, Plaintiff fails to state a claim under Texas common law.

### Failure to State a Claim Against the Individual Defendants

Neither Title VII, the ADA, retaliatory discharge, or termination in violation of First Amendment rights by a government employer applies to supervisors or other employees acting in their individual capacity. In the context of Title VII, a defendant's status as an "employer" is a jurisdictional prerequisite to suit. *Womble v. Bhangu*, 864 F.2d 1212, 1213 (5th Cir. 1989). Plaintiff's employer was Parkland. The Individual Defendants in this case are not liable under Title VII. Accordingly, to the extent Plaintiff intends to bring Title VII claims for discrimination, harassment, or retaliation against any of the Individual Defendants, those claims should be dismissed with prejudice. *Foley v. Univ. of Houston*, 355 F.3d 333, 340 n.8 (5th Cir. 2003); *Indest v. Freeman Decorating*, 164 F.3d 258, 262 (5th Cir. 1994); *Grant v. Lone Star Co.*, 21 F.3d 649, 635 (5th Cir. 1994). Accordingly, to the extent Plaintiff's amended complaint can be construed to be attempting to bring any Title VII or ADA claims for discrimination, retaliation, or termination in violation of constitutional rights against any of the Individual Defendants, those claims are properly dismissed with prejudice. Additionally, with respect to any tort claims or state law claims against the Individual Defendants, Plaintiff has failed to state facts sufficient to overcome the Individual Defendant's qualified and official immunity.

### Conclusion

Because Plaintiff in this case is proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances. *Id*. "*Pro se*

litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *Id.* (citing *Hughes v. Rowe*, 449 U.S. at 9).

Even construing Plaintiff's Complaint liberally, it does not comply with FED. R. CIV. P. 8(a) and is dismissible pursuant to Rule 12(b)(6). It contains no facts that state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 547. Plaintiff's allegations are not sufficient to raise a right to relief above the speculative level. *See id.* The Court finds that Parkland and the Individual Defendants have shown that they are entitled to dismissal pursuant to both FED. R. CIV. P. 12(b)(6) and FED. R. CIV. P. 8(a).

## RECOMMENDATION

The Court recommends that the District Court grant Defendants' Motion to Dismiss (doc. 22).

Signed, March 16, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).